IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[6] ABELARDO LECOMPTE-TORRES,<br><br>Defendant. | CRIMINAL NO. 07-32 (JAG)<br>**(SEALED)** |

# REPORT AND RECOMMENDATION

Defendant Abelardo Lecompte-Torres was charged in Counts One, Fourteen through Sixteen, Twenty Three, Thirty Nine, Fourty and Fourty One of a forty-one (41) counts Superseding Indictment and he agreed to plead guilty to Count One of the Superseding Indictment. Count One charges that, in or about October 30, 2003 through on or about May 2006, in the District of Puerto Rico, the defendant and co-defendants [1] Alfred Valdivieso-Rodríguez, [2] Blanco Rodríguez-Plaza, [3] Norberto J. Seda-Olmo, [4] Juan M. Ramos-González, [5] Juan A. Tosado-Polanco and [7] Maileen Lugo-Torres, did knowingly and intentionally conspire and agree, together, and with other known and unknown to the Grand Jury, to commit the following offenses against the United States:

a) to distribute and possess with intent to distribute, outside the scope of professional practice and not for legitimate medical purpose, a controlled substance, which offense involved a quantity of not less than 40,000 units of Hydrocodone, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D); and

b) to distribute and possess with intent to distribute, outside the scope of professional practice and not for legitimate medical purpose, a controlled substance, which offense involved a quantity of not less than 40,000 units of Phentermine and Diazepam, a Schedule IV controlled

United States of America v. Abelardo Lecompte-Torres
Criminal No. 07-32(JAG)
Sealed Report and Recommendation
Page 2

substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(2). All in violation of Title 21, United States Code, Section 846.

On December 19, 2007, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Superseding Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Luis A. Plaza-Mariota and Luis Palacios, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representatives and had time to discuss with them all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charge therein, his constitutional rights and the consequences of the waiver of same.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Plaza-Mariota and Attorney Palacios, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

United States of America v. Abelardo Lecompte-Torres
Criminal No. 07-32(JAG)
Sealed Report and Recommendation
Page 4

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is term of imprisonment which may not be more than five (5) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), a term of supervised release of not more than one (1) years in addition to any term of incarceration. The Court must also impose a mandatory penalty assessment of one hundred dollars($100.00), per count, to be deposited in the Crime Victim Fund.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea and Cooperation Agreement" pursuant to Rule 11(c)(1)(A) and (B) FRCP ("the Agreement") was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on page four (4), paragraph eight (8) of the Agreement, regarding the possible applicable advisory Sentencing

Guidelines, were further elaborated and explained. Pursuant to U.S.S.G. § 2D1.1(11), the Base Offense Level is of Eighteen (18). The amount of Schedule III and IV controlled substances distributed in Count One is more than 40,000 units. However, for purposes of this Plea and Cooperation Agreement, defendant is to be held responsible for the distribution of at least 20,000 units but less than 40,000 units of Schedule III controlled substances. Pursuant to U.S.S.G. § 2D1.1(b)(5), a two (2) level increase is warranted as defendant was mass-marketing with a computer. Pursuant to U.S.S.G. § 2D1.1(b)(5), a two (2) level increase is warranted as defendant abuse of position of trust or use of special skills. Pursuant to U.S.S.G. § 3E1.1(a), a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Nineteen (19), yielding an imprisonment range of thirty (30) to thirty seven (37) months.

Pursuant to paragraph Nine of the Agreement, if at the time of sentencing hearing the defendant has a criminal history category of One, the United States will not object to defendant's request for a sentence at the lower end of the Guidelines. The parties do not stipulate any assessment as to the defendant's Criminal History.

Pursuant to paragraph Ten, the United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by the parties, with the exception of possible adjustments under safety valve, U.S.S.G. § 5C1.2, and substantial assistance, U.S.S.G. § 5.K1 and Fed.R.Crim.Proc. 35(b), if the defendant complies with the requirements of safety valve and with regard to substantial assistance 5K1.1 or Rule 35(b) motion filed by the United States within its sole discretion. Moreover, the defendant agrees that he will not seek under any of the factors contained in Title 18, United States Code, Section

3553, a sentence more lenient than the one detailed in the previous paragraph, as the same is a reasonable sentence.

Also, as part of this Agreement, the United States, after sentencing, will request the dismissal of Counts Fourteen through Sixteen, Twenty-Three, Thirty-Nine, and Forty-One, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

Pursuant to paragraph Thirteen of the Agreement, should the defendant meet all the requirements of the "safety valve" provisions of guidelines §5C1.2, that is,

(1) the defendant not have more than one criminal history point;

(2) the defendant did not use violence or credible threats of violence or possess firearms or other dangerous weapon in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engages in a continuing criminal enterprise as defined in Title 21, United States Code, Section 848;

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan; then the defendant would be entitled to a further Two (2) level reduction in base offense level for a total adjusted base offense level of Sixteen (16). Should the defendant comply with the criteria of U.S.S.G. § 5C1.1 the applicable guideline range would be Twenty-four (24) to Thirty (30) months imprisonment, assuming Criminal History Category of I.

<u>United States of America v. Abelardo Lecompte-Torres</u>
Criminal No. 07-32(JAG)
Sealed Report and Recommendation
Page 7

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted offense level will be made, unless the United States files a motion based on substantial assistance as that phrase is used in Rule 35 of the Federal Rules of Criminal Procedures and Section 5K1.1 of the Sentencing Guidelines.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Counsel for defendant stated they have discussed fully with defendant the terms of the Cooperation Agreement and, as such, there was no need to enter into the details of the cooperation at the hearing. In addition, defense counsel indicated defendant understands the terms of the cooperation agreement.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the District of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

United States of America v. Abelardo Lecompte-Torres
Criminal No. 07-32(JAG)
Sealed Report and Recommendation
Page 8

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

Defendant waived the reading of the Indictment in open court because he is aware of its content, and was shown a written document entitled Government's Version of the Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Superseding Indictment in Criminal No. 07–32 (JAG).

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph thirty-one (31) a waiver of appeal.

United States of America v. Abelardo Lecompte-Torres
Criminal No. 07-32(JAG)
Sealed Report and Recommendation
Page 9

      This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Superseding Indictment in Criminal No. 07-32 (JAG).

**IT IS SO RECOMMENDED.**

      The sentencing hearing is scheduled for March 28, 2008 at 10:30 a.m., before Honorable Jay A. García-Gregory, District Court Judge.

      San Juan, Puerto Rico, this 20th day of December of 2007.

                                    s/ CAMILLE L. VELEZ-RIVE
                                    CAMILLE L. VELEZ-RIVE
                                    UNITED STATES MAGISTRATE JUDGE